IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:13cv742-MHT |
| | ) | (WO) |
| JOSHUA COMBS, | ) | |
| | ) | |
| Defendant. | ) | |

PRETRIAL ORDER

A Pretrial Hearing was held in this case on
November 23, 2015, wherein the following proceedings
were held and actions taken:

    1.   <u>PARTIES AND TRIAL COUNSEL</u>:

Wallace D. Mills, Plaintiff's counsel

Randall Morgan, Defendants City of Opelika and
Joshua Combs' counsel

Elizabeth Brannen Carter, Defendants City of
Opelika and Joshua Combs' counsel

Rick A. Howard, Defendant Thomas Mangham's counsel

April Willis McKay, Defendant Thomas Mangham's
counsel

<u>COUNSEL APPEARING AT PRETRIAL HEARING:</u>

Wallace D. Mills, Plaintiff's counsel

Randall Morgan, Defendant Joshua Combs' counsel

Elizabeth Brannen Carter, Defendant Joshua Combs' counsel

2.   <u>JURISDICTION AND VENUE:</u>

Jurisdiction and venue are proper in this Court.

3.   <u>PLEADINGS:</u>

The pleadings in this case consist of the following:

a.   *Complaint*, filed October 11, 2013 [Doc 1].

b.   *Answer*, filed for Defendant Mangham November 18, 2013 [Doc. 11]; Answer, filed by Defendants City of Opelika and Joshua Combs November 21, 2013 [Doc. 13].

4.   <u>CONTENTIONS OF THE PARTIES:</u>

2

(a) Plaintiff:

On or about October 9, 2011, Opelika City Police, including Joshua Combs, attempted to initiate a traffic stop on Calvin Watts in Opelika Alabama. Plaintiff panicked, got scared, and failed to yield to police officers' lights and siren. Plaintiff drove to a dead end street, get out of his car and attempted to flee on foot into the underbrush. Defendant Joshua combs tackled Calvin Watts from behind causing Plaintiff to land face down in the sand. Defendant Combs got on Plaintiff's back pinning Plaintiff's arms beneath him. After having taken Plaintiff into custody, and while atop Plaintiff and holding him down with his arms pinned beneath him and his face turned sideways, Defendant Combs hit Calvin Watts in the face with his fist and/or elbow multiple times fracturing Plaintiff's face, jaw, and nose and causing lacerations and bruising to the same. Defendant Combs also "kicked" Plaintiff in the ribs with his knee. Plaintiff was not resisting Plaintiff's continuing

3

custody at the time he was beaten.   Plaintiff was required to undergo reconstructive surgery and the installation of a metal plate to repair his injuries.

Defendant Combs violated Plaintiff's Fourth Amendment right not to subject to excessive force in an arrest by police.   At the time of the beating, Plaintiff's right was clearly established and Defendant Combs's actions were objectively unreasonable; a reasonable police officer on the scene would have known that hitting Plaintiff about the head and face with his fist with sufficient force to break the orbital bone in his face his nose, and kneeing him in the ribs with sufficient force to break them while the Plaintiff was pinned face down on the ground and not resisting was a constitutional violation.   A reasonable police officer would not have used such force under the circumstances.

Defendant Combs assaulted and battered Plaintiff. His actions in assaulting and battering Plaintiff were willful, malicious, and taken in bad faith, and beyond

4

his authority as a municipal police officer. Defendant Combs's actions demonstrate neglect, carelessness, or unskillfulness.

(b) Defendant:

Officer Joshua Combs denies the allegations made against him. Officer Combs avers that any force used during the subject incident was reasonable and necessary under the circumstances. Officer Combs objected to the Magistrate's recommendation that summary judgment be denied him as to the excessive force and assault/battery claims. The claims against Officer Combs are barred because Plaintiff entered a Plea Agreement regarding his criminal charges and in doing so waived any civil claims he may have against the City or Officer Combs. *Newton v. Rumery*, 480 U.S. 386 (1987) controls the facts and law of this case and provides the analysis that should be applied to determine if the Plea Waiver Agreement is enforceable. Plaintiff voluntarily entered the agreement and public

interest is served by enforcing the Plea Waiver Agreement. Officer Combs had the right to rely on Plaintiff's representation of waiver of civil claims during the plea agreement that was executed under the supervision of a judge. Plaintiff waived all civil claims as a matter of law and any claims made against Officer Combs should be dismissed as a matter of law.

Officer Combs is otherwise due to be afforded qualified immunity for the excessive force claim and state agent immunity and immunity pursuant to §6-5-338, Ala. Code (1975) for the assault and battery claim. Officer Combs did not engage in any force that was not necessary to effectuate the arrest of Plaintiff who fled in a car and by foot before he was finally apprehended. Officer Combs never engaged in conduct that was clearly established in the law as a constitutional violation. Plaintiff demonstrated resistive and combative behavior before the tackle that would be objectively perceived by any reasonable

officer in the same situation as necessitating physical force to effectuate the arrest.  Plaintiff pled guilty to resisting arrest.  After he was cuffed, Plaintiff received no injuries.  There are no facts or legal arguments that support a finding that qualified immunity or state agent immunity should be stripped from Officer Combs.

Plaintiff's claims against Officer Combs are barred by the application of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Considering the facts as presented in state criminal court, upon which Plaintiff based his plea, Plaintiff's criminal plea of guilty to the charge of resisting arrest bars his claim of excessive force and assault/battery claims here.

Plaintiff's claims are further barred because Plaintiff failed to state a claim upon which relief could be granted.  Officer Combs pleads release, res judicata, collateral estoppel, issue preclusion, judicial estoppel, waiver, latches, assumption of the

risk and self-defense. Officer Combs further alleges
Plaintiff was contributorily negligent and alleges that
Plaintiff's own actions contributed to his alleged
damages. Officer Combs also avers there were
intervening, superseding cause(s) to Plaintiff's
alleged injuries. Officer Combs' actions were
objectively reasonable based on all surrounding
circumstances he had to make the split-second decision
to use force to effectuate the arrest of Plaintiff.
Office Combs acted in good faith and in the confines of
federal and state law. Office Combs pleads privilege
and justification. Officer Combs contest damages,
denies the nature/extent/cause of Plaintiff's alleged
damages and alleges Plaintiff failed to mitigate his
damages.

   5. <u>Stipulations</u>

   None.

                        * * *

   It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two days, are set for January 4, 2016, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements,

and (c) addressing any evidentiary issues that may arise at trial) are required to be filed by December 21, 2015;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (doc. no. 16) entered by the court on December 20, 2013 (as modified by subsequent orders); and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 24th day of November, 2015.

_ /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE